UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHER JAMES BECKER,

          Plaintiff,

  v.

BRENT CARNEY et al.,

          Defendants.

CASE NO. 3:16-CV-05315-RBL-JRC

ORDER ON SEVERAL MOTIONS

Before the Court are two motions filed by plaintiff: (1) Motion for Court to Provide Information (Dkt. 39) and (2) Motion for Personal Service of defendant Williamson and Department of Corrections ("DOC") (Dkt. 40). Defendants filed a response. Dkt. 42. Plaintiff filed a reply. Dkt. 45.

The Court also notes that there are two additional motions currently pending, *see* Dkts. 43 and 44, however, those motions are not ripe for the Court's review at this time.

**1. Motion for Court to Provide Information (Dkt. 39)**

Plaintiff requests that the Court provide information regarding service of defendants and requests a copy of the docket sheet. Dkt. 39. The same day that plaintiff filed his motion, the

Clerk's office sent him a courtesy copy of the docket sheet. *See* Dkt. 39-1. In another pleading filed with the Court, plaintiff acknowledges that he received a copy of the court's docket on November 10, 2016. Dkt. 40 at 2. Thus, plaintiff's request is denied as moot. If plaintiff has any additional questions regarding the docket, he may request an updated copy of the docket sheet with all filings to date.

**2.  Motion for Personal Service of DOC and Joe Williamson (Dkt. 40)**

In his motion, plaintiff requests that the Court order personal service on Joe Williamson and the Washington Department of Corrections ("DOC"). Dkt. 40 at 2. Plaintiff also requests that the Court grant him an additional sixty days to perfect service. *Id.* at 2-3.

Defendants do not oppose plaintiff's request for an extension, and thus, the Court grants plaintiff's request.

With respect to plaintiff's request for personal service, on August 4, 2016, the Court directed service of plaintiff's complaint. Dkt. 14. Waivers of service were due September 9, 2016. *See* docket entry dated August 4, 2016. To date, Mr. Williamson and the DOC have not returned a waiver of service. *See* Dkt. Defense counsel has not appeared on behalf of the DOC or Mr. Williamson. *See* Dkt.

The court has no jurisdiction over the DOC or Mr. Williamson until they have been properly served under Fed. R. Civ. P. 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Under Rule 4(c)(2), the Court may order that service be made by a United States marshal. However, in this district, the marshals do not attempt personal service upon a defendant unless mail service is unavailing. *See* Local Rule 4(c).

With respect to service of the DOC, defendants argue that the DOC is not a proper defendant subject to suit under § 1983, and thus, the Court should not order service. Dkt. 42. In

1  his reply, plaintiff argues that he sues the DOC for injunctive relief under the Religious Land
2  Use and Institutionalized Persons Act ("RLUIPA") and that Congress has abrogated the states'
3  sovereign immunity. Dkt. 45.

4  Defendants' response, arguing that the DOC cannot be sued in this matter, is not the
5  proper vehicle to make such an argument. A response in opposition to a motion challenges
6  whether the motion should be granted. Defendants' argument has not been brought before the
7  Court in an appropriate motion, such as a motion to dismiss or motion for judgment on the
8  pleadings. Moreover, the Court notes that while plaintiff is not entitled to recover monetary
9  damages against a state entity under RLUIPA, he may be entitled to injunctive relief. *See*
10 *Sossamon v. Texas,* 131 S.Ct. 1651, 1658, 1666 (2011) (Sotomayor, J., dissenting) (noting the
11 majority's implicit acceptance of suits for injunctive relief under RLUIPA (quoting *Pennhurst*
12 *State School and Hospital v. Halderman,* 465 U.S. 89, 99 (1984)); *Guru Nanak Sikh Society of*
13 *Yuba City v. Cnty. of Sutter,* 326 F.Supp.2d 1140, 1161 (E.D. Cal. 2003) (injunctive relief is
14 "appropriate relief" under RLUIPA).

15 Because defendants' argument as to whether the DOC is a proper party to this suit under
16 § 1983 is not before the Court, the Court declines to consider it at this time. The Court orders
17 defendant DOC to show cause by **January 13, 2017**, why it should not be personally served at
18 its expense for failure to file a waiver.  Defendant DOC may satisfy this show-cause order by
19 filing a waiver and by having counsel enter a notice of appearance on its behalf and indicate
20 whether it joins in any pleadings or pending motions.

21 Defendants state that they have no opinion as to plaintiff's request that the Court order
22 personal service on Mr. Williamson. *Id.* Defendants state that Mr. Williamson is on extended
23 leave from the DOC and that the DOC forwarded the waiver of service packet to Mr.
24

1   Williamson's last known address. *Id.* Defendants also state that they have been unable to reach
2   Mr. Williamson by phone. *Id.* at 2. Defendants defer to the Court as to what action would be
3   proper in further efforts to serve Mr. Williamson. *Id.*

4   Although defendants have forwarded the waiver of service to Mr. Williamson's last
5   known address, the Court has not attempted to send the waiver directly to Mr. Williamson. Thus,
6   prior to ordering personal service of Mr. Williamson, the Court orders defendants to submit the
7   last known business or last known home addresses of unserved Mr. Williamson to the court
8   **under seal on or before January 13, 2017** so that the Clerk may attempt to effect service. This
9   solution alleviates two concerns involving prisoner litigation: (1) the security risks inherent in
10  providing prisoners with addresses of people formerly employed by the state; and (2) the reality
11  of prisoners getting the "runaround" when they are attempting to access information through the
12  government. *Sellers v. United States*, 902 F.2d 598, 602-603 (7th Cir. 1990). Mr. Williamson may
13  also satisfy this order by filing a waiver and by having counsel enter a notice of appearance on
14  his behalf.

15  The Court will not rule on plaintiff's motion for personal service until defendants have
16  shown cause and provided the last known address of Mr. Williamson. The Clerk is re-directed to
17  note the motion for personal service (Dkt. 40) for consideration on February 13, 2017.

18  Accordingly, it is **ORDERED:**

19  (1) Plaintiff's Motion for Information (Dkt. 39) is denied as moot.

20  (2) Plaintiff's request for a sixty-day extension of the deadline to effect service is
21       granted.

22  (3) Plaintiff's motion for personal service is re-noted for February 13, 2017.

(4) The DOC is ordered to show cause **by January 13, 2017,** why it should not be personally served its expense for failure to file a waiver. The DOC may satisfy this show cause order by filing a waiver and by having counsel enter a notice of appearance on its behalf and indicate whether it joins in any pleadings or pending motions. If defendants are in possession of the last known business or last known home addresses of Mr. Williamson, they shall submit such addresses to the Court **under seal on or before January 13, 2017.** All service documents with said address shall also be filed under seal.

Dated this 14th day of December, 2016.

J. Richard Creatura
United States Magistrate Judge