UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHER JAMES BECKER,<br><br>  Plaintiff,<br><br>  v.<br><br>BRENT CARNEY et al.,<br><br>  Defendants. | CASE NO. 3:16-CV-05315-RBL-JRC<br><br>ORDER GRANTING MOTION FOR PERSONAL SERVICE AND ORDER DIRECTING PERSONAL SERVICE OF DEFENDANT WILLIAMSON |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. The undersigned ordered service of the second amended complaint on defendant Williamson on August 4, 2016. Dkt. 14.  Waivers of service were due September 9, 2016. *See* docket entry dated August 4, 2016. To date, Mr. Williamson has not returned a waiver of service. *See* Dkt. Defense counsel has not appeared on behalf of Mr. Williamson. *See* Dkt.

On November 14, 2016, plaintiff filed a motion to order personal service on Mr. Williamson by the United States Marshal, because Mr. Williamson had not returned the signed waiver of service within the 30-day time period to do so. Dkt. 40. However, rather than ordering

1  service by the United States Marshal, the undersigned instead directed defendants to file Mr.

2  Williamson's last known address under seal, so that the Clerk's Office could attempt to effect

3  service by mail. Dkt. 49. On January 12, 2017, defendants filed Mr. Williamson's last known

4  address under seal. Dkt. 54.

5        The undersigned was notified by the Clerk's Office that in another case in this Court,

6  *Vincent v. Stewart,* Case No. 16-5023-RBL-KLS, service by mail was recently attempted at Mr.

7  Williamson's residential address, but the waiver was returned to the Court marked "no mail

8  receptacle/unable to forward." *See Vincent v. Stewart,* Case No. 16-5023-RBL-KLS at Dkt. 41

9  (Disclosure of Service Address of Defendant Williams Under Seal), Dkt. 44 (Return of Service

10  Unexecuted). Thus, the undersigned finds that another attempt to serve Mr. Williamson via mail

11  at the same residential address would be futile. Accordingly, the undersigned deems service by

12  the United States Marshal on defendant Williamson to be appropriate, and plaintiff's motion

13  (Dkt. 40) is granted. If possible, personal service on defendant Williamson in this case, and

14  *Vincent v. Stewart,* Case No. 16-5023-RBL-KLS, should be attempted at the same time in order

15  to save resources.

16        With respect to the costs of service, because it appears that defendant Williamson did not

17  receive the service packet requesting he waive personal service, the undersigned finds good

18  cause for why the cost of personal service should not be assessed on defendant Williamson under

19  Federal Rule of Civil Procedure 4(d)(2).

20        Accordingly the undersigned **ORDERS** as follows:

21        (1)    <u>Service by United States Marshal</u>

22        Plaintiff's motion to serve defendant Williamson via the United States Marshall (Dkt. 40)

23  is **GRANTED**. The United States Marshal is **ORDERED** to personally serve the summons and

24
ORDER GRANTING MOTION FOR PERSONAL
SERVICE AND ORDER DIRECTING PERSONAL
SERVICE OF DEFENDANT WILLIAMSON - 2

complaint together with a copy of this Order upon defendant Williamson. The Clerk shall issue summons and assemble the necessary documents to effect this personal service.

    (2)    <u>Response Required</u>

Within **twenty (20) days** after service, defendant Williamson shall file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

    (3)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs shall indicate the date the document is submitted for e-filing as the date of service.

    (4)    <u>Non-State Defendants</u>

As a registered user of the Court's electronic filing system, you must accept electronic service of all court filings (**except** original service of a complaint) by prisoner litigants housed at the Washington State Penitentiary (WSP), Stafford Creek Corrections Center (SCCC), Coyote Ridge Corrections Center (CRCC), or Monroe Correctional Complex (MCC) who are subject to Mandatory Electronic E-Filing. WSP, SCCC, CRCC, and MCC prisoner litigants are no longer required to serve their court filings on the Court or defendants by mail. Service by mail of your court filings to WSP, SCCC, and CRCC prisoner litigants is also no longer required.

     (5)    <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

     (6)    <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss based on a failure to exhaust or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(7)   <u>Direct Communications with District Judge or Magistrate Judge</u>

1   No direct communication is to take place with the District Judge or Magistrate Judge with
2   regard to this case. All relevant information and papers are to be directed to the Clerk.
3   Dated this 19th day of January, 2017.

J. Richard Creatura
United States Magistrate Judge