UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHER JAMES BECKER,

          Plaintiff,

    v.

CARNEY, et al,

          Defendants.

CASE NO. 16-cv-5315-RBL-JRC

ORDER

      Before the Court are several motions filed by plaintiff: (1) motion for contempt (Dkt. 63); (2) motion for default (Dkt. 66); (3) motion to compel discovery (Dkt. 67); (4) motion for personal service (Dkt. 69); and (5) motion for copy of the docket sheet (Dkt. 74). Plaintiff's motion to appoint counsel is not yet ripe for the Court's review. Dkt. 81. For the reasons stated below, the Court denies plaintiff's motion for contempt, motion for default, and motion for personal service. The Court grants plaintiff's motion to compel and motion for copy of the docket sheet.

1

2     1.   Motion for Default Judgment (Dkt. 66)

3         Plaintiff moves for the Court to enter default judgment against defendant Williamson.

4     Dkt. 66. Under Rule 55(a) of the Federal Rules of Civil Procedure, judgment by default may be

5     entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to

6     plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

7     enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) provides that a default judgment may

8     be sought after default has been entered against a defendant. *See also N.Y. Life Ins. Co. v. Brown,*

9     84 F.3d 137 (5th Cir.1996),

10        Default judgments are generally disfavored and "[c]ases should be decided upon their

11    merits whenever reasonably possible." *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir.1986); *see*

12    *also TCI,* 244 F.3d at 693 (recognizing "the long-standing principle that default judgments are

13    disfavored").

14        In response to plaintiff's motion, defendant Williamson states that he was on medical

15    leave due to a serious illness until March 1, 2017. Dkt. 76. Defendant Williamson was served

16    with plaintiff's complaint on January 31, 2017, but planned to take care of the lawsuit when he

17    returned to work on March 1, 2017. *Id.* Defendant Williamson has recently returned to work and

18    been able to resume to his regular routine. *Id.* Defendant Williamson filed an answer and his

19    attorney has entered an appearance on his behalf. Dkts. 71, 73.

20        First, the Court finds that plaintiff cannot show any prejudice in defendant Williamson's

21    delay in filing an answer. This case is in the early stages of litigation. Plaintiff has been able to

22    conduct discovery against the other named defendants and the Court recently extended the

23    discovery deadline to July 5, 2017. Dkt. 62. Therefore, plaintiff has not been hindered in his

24

ability to pursue his claims. Second, defendant Williamson was undergoing treatment for a serious medical condition, and this suggests that he did not act culpably in failing to respond to plaintiff's complaint. Lastly, defendant Williamson has filed an answer, denying the allegations in plaintiff's complaint. Thus, defendant Williamson should be able to argue the merits of the case and any defenses.

Accordingly, the Court denies plaintiff's motion for default judgment (Dkt. 66).

2. Motion for Contempt (Dkt. 63)

In addition to seeking default judgment against defendant Williamson, plaintiff also filed a motion for contempt. Dkt. 63. Plaintiff asserts because defendant Williamson failed to file a timely response to plaintiff's complaint, defendant Williamson should also be held in contempt of court. *Id.*

"A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir.1984). Civil contempt consists of a party's disobedience to "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). To succeed on a motion for civil contempt, the moving party must "show by clear and convincing evidence that [the nonmoving party] violated the [court order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997).

As discussed above, defendant Williamson has filed an answer in this matter and counsel has entered an appearance on his behalf. Dkts. 71, 73. Plaintiff shows no basis for an order of

contempt as there is no court order that is being willfully violated. Thus, the Court denies plaintiff's motion (Dkt. 63).

3. Motion to Compel Discovery (Dkt. 67)

Plaintiff seeks an order compelling defendants to provide him with a video from July 30, 2015 in the prison dining hall. Dkt. 67.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence." *Id*. Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues in the case, it is not limited to the precise issues raised in the pleadings. *Id*., at 350–51. "The question of relevancy should be construed "liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995), *quoting Miller v. Panuci*, 141 F.R.D. 292, 296 (C.D.Cal.1992).

Plaintiff contends that the video will show whether defendant Roberts' actions were taken in retaliation, which is at issue in this case. Dkt. 67. Plaintiff contends that the video will show defendant Roberts' "highly aggressive body language" and that defendant Roberts had no intention of infracting plaintiff until plaintiff said he would file a grievance, evidenced by the fact that defendant Roberts did not take plaintiff's information until plaintiff approached him. *Id.* at 3. According to defendants, the surveillance video is not necessary to establish any aspect of plaintiff's retaliation claim. Defendants argue that defendant Roberts does not dispute that he

wrote an infraction and obtained plaintiff's information. Dkt. 79 (citing Dkt. 57). In addition, defendants contend that plaintiff's motion should be denied because the video contains restricted security information. *Id.*

The Court finds that the plaintiff's proposed use of the surveillance video – may be relevant, as it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

As to the issues of security, defendants argue that the Court should also deny plaintiff's motion to compel because the surveillance video would require defendants to disclose information concerning institutional security and would endanger the safety of others. Dkt. 79, Dkt. 80. According to the declaration of defendant Herzog, providing access to recordings of prison surveillance videos would allow someone to accurately determine which areas are weak or devoid in the prison's ability to capture identities in the aftermath of an incident or crime and allow for studying staff movements to identify weaknesses in security. Dkt. 80 at 3. In addition, defendants assert that surveillance video can be used by sexual predators to prey on weaker offenders and to commit assaults on other inmates or staff. *Id.* Video can also be used to breach security and allow new methods to pass contraband into facilities. *Id.* at 3-4.

While the Court is cognizant of defendants' interest relating to the safety and security of inmates, plaintiff is entitled to inspect discoverable information related to his retaliation claim. Defendants' concerns may be accommodated in ways that are less restrictive to plaintiff. Accordingly, the Court grants plaintiff's motion to compel and defendants shall provide plaintiff a reasonable opportunity to view the surveillance video under supervision. The parties and their respective counsel are prohibited from disclosing, sharing, transmitting, or disseminating the

surveillance video or its content to third parties, except as may be necessary to prosecute or defend this case. If any party seeks to file the surveillance video with the Court, the party is required to file the video under seal pursuant to Local Rule 5.

4. Motion for Personal Service (Dkt. 69)

Plaintiff moves the Court to order personal service on defendant Sarah Smith. Dkt. 69. On March 28, 2017, defendant Smith entered a waiver of service. Dkt. 72. Thus, plaintiff's motion (Dkt. 69) is denied as moot.

5. Motion for Docket Sheet (Dkt. 74)

Plaintiff requests a copy of the current docket sheet to ensure that he has an accurate record of all filings and proceedings in this matter. Dkt. 74. Defendants do not oppose plaintiff's motion. Dkt. 85. Plaintiff's motion is granted and the Clerk is directed to send plaintiff a copy of the docket sheet.

Dated this 12th day of April, 2017.

J. Richard Creatura
United States Magistrate Judge