| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHER JAMES BECKER, | CASE NO. C16-5315-RBL-JRC |
| Plaintiff, | ORDER DENYING OBJECTION |
| v. | |
| BRENT CARNEY, et al., | DKT. #91 |
| Defendants. | |

THIS MATTER is before the Court on Defendants' Objection to Magistrate Judge Creatura's Order [Dkt. #86] granting Plaintiff Becker's Motion to Compel Discovery [Dkt. #67]. Becker asked the Court for access to surveillance video showing his ten-to-fifteen-minute interaction with Sergeant Roberts in the Stafford Creek Corrections Center dining hall, contending the video would support his claim that Roberts cited him in retaliation. Defendants repeat the arguments laid out in their Response [Dkt. #79] to Becker's motion. They argue Becker does not need the video to support his retaliation claim and sharing the video leaves the prison vulnerable to a security breach that could endanger the safety of staff, inmates, and visitors. Defendants ask the Court to reconsider Judge Creatura's order because it "did not

accord substantial weight to any adverse impact on public safety or the operation of a criminal justice system" under 18 U.S.C. § 3626(a)(1)(A). Dkt. #91 (Objection) at 1.

The order granted Becker's motion because the video relates to his claim, but, out of concern for inmates' and others' safety and security, it limited his viewing and sharing of the information it presents: "[D]efendants shall provide [Becker] a reasonable opportunity to view the surveillance video *under supervision*. The parties and their respective counsel are *prohibited* from disclosing, sharing, transmitting, or disseminating the surveillance video or its content to third parties, except as may be necessary to prosecute or defend this case." Dkt. #86 (Order) at 5–6 (emphasis added).

First, it is not for the Defendants to determine what Becker "needs" to support his claims. The video is relevant to his retaliation claim. *See* Fed. R. Civ. P. 26(b)(1). Second, by placing these limitations on Becker, the order did more than give substantial weight to the safety concerns Defendants raised when evaluating the parties' arguments, it endorsed those concerns.

Becker's supervised viewing of his fifteen-minute-or-less conversation with Roberts in the dining hall does not present such a risk to security that his ability to pursue his claims should be limited beyond the order's instruction. Defendants' Objection [Dkt. #91] is DENIED.

IT IS SO ORDERED.

Dated this 31st day of May, 2017.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge