UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHER JAMES BECKER,

     Plaintiff,

 v.

BRENT CARNEY, et al.,

     Defendants.

CASE NO. 3:16-CV-05315-RBL-JRC

AMENDED ORDER DENYING PLAINTIFF'S MOTION[1]

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

  Plaintiff Asher James Becker challenges the validity of the service of a certificate of death, asking that the Court strike the certificate and require defendants to produce a name and address for the decedent's successor. Dkt. 95. After the death of defendant Joseph Williamson, the remaining defendants filed a certificate of death with this Court. Dkt. 90. However,

---

[1] The Amended Order Denying Plaintiff's Motion amends only the date on which the motion to substitute is due.

defendants did not include proof they had served defendant Williamson's successor with a certificate of death, nor did they include the successors name or address. *Id*. Defendants later located Williamson's wife and successor and served her with the certificate of death, complaint, and discovery documents. Dkt. 103. Upon receiving notice that defendants had located and served Williamson's successor, plaintiff filed a response, reiterating his objection. Dkt. 121. The Court finds that there is no requirement that a certificate of death include the name of the decedent's successor. Therefore, the Court denies plaintiff's motion.

I. **Certificate of Death**

Plaintiff argues that the certificate of death is defective because defendants failed to include the name of Williamson's successor or proof that she was served. If a party dies and the claim is not extinguished, "the court may order substitution of the proper party." Fed. R. Civ. Proc. 25. Either a party or the decedent's successor may file a motion for substitution "within 90 days after service of a statement noting the death . . . ." *Id*. The rule requires a party or successor to take "two affirmative steps in order to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231,233 (9th Cir. 1994). "First, a party must formally suggest the death of the party upon the record." *Id*. (citations omitted). "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id*. (citation omitted). The rule does not explicitly require the suggestion of death to contain the name of the successor. *See* Fed. R. Civ. Proc. 25. Further, because neither the U.S. Supreme Court nor the Ninth Circuit Court of Appeals has determined whether the rule implicitly requires a name, different districts have imposed different naming requirements. *See*, *e.g.*, *Gravelle v. Kiander*, 2016 WL 194741 at *1 (W.D. Wash. 2016) (accepting a certificate of death without successor's name, but requiring

proof of service on successor); *Dummar v. Lummis*, 2007 WL 4623623 at *3 (D. Nev. 2007) (requiring a certificate of death identify a successor).

Here, the certificate of death is valid. As noted above, a certificate of death becomes effective when it has been filed with the court and both the parties and the non-party successor to the decedent have been served. *Barlow*, 39 F.3d at 233. Defendants filed the certificate of death on April 25, 2017. Dkt. 90. On that same day, Defendants certified they had also served plaintiff with the certificate. *Id*. Defendants finally served Williamson's wife and successor the certificate on July 24, 2017. Dkt. 103. At that point, defendants completed the two steps *Barlow* requires and the certificate of death became effective. The parties thus have 90 days from July 24 to file a motion for substitution.

Plaintiff claims that the certificate is nonetheless invalid because it does not name Williamson's successor. As noted above, Rule 25 has no explicit requirement that a certificate name the successor. Rather, it requires that the successor be identified and served with the certificate. Because neither the Supreme Court nor the Ninth Circuit have imposed a naming requirement, and because defendants successfully served Williamson's successor, plaintiff's argument fails.

II. **Williamson Discovery**

Plaintiff also asks the Court to deem "all admissions sent to Williamson as admitted, and [to] direct the defendants to immediately produce the Williamson interrogatories and request for production." Dkt. 95 at 4. He further asks the Court to extend time for discovery pertaining to Williamson. However, it appears that the parties are still conferring on discovery surrounding Williamson and his successor. They conferred via telephone on June 30, 2017 (Dkt. 98) and

again on July 24, 2017 (Dkt. 121). Because it appears the parties are still conferring, the Court declines to take action until the parties determine they cannot reach an agreement.

Similarly, the Court declines to extend the time for discovery. As plaintiff has noted, the Court has warned that "additional requests to extend will not be viewed favorably" in this case. Dkt. 62 at 3. As noted above, plaintiff is still in negotiations with defendants about Williamson and his discovery. Because of this, plaintiff has not shown good cause why the Court should amend its scheduling order. The Court declines to allow additional time for discovery.

**III. Address of Successor**

Plaintiff finally requests that the Court require defendants either handle service of a substitution motion for Williamson's successor or that the Court order defendants to provide the successor's address. However, this motion is premature because no motion for substitution has been filed. The Court will consider the issue of service of a motion when, and if, a party files such a motion.

Therefore, it is **ORDERED**:

Plaintiff's motion regarding Williamson discovery is denied without prejudice. All other motions, including requests made in plaintiff's response are denied with prejudice (Dkts. 95, 121).

The 90 day window for a motion for substitution began on July 24, 2017. Therefore, the deadline for filing a motion for substitution **expires on October 23, 2017**.

Dated this 14th day of August, 2017.

J. Richard Creatura
United States Magistrate Judge