# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ASHER JAMES BECKER,

        Plaintiff,

v.

BRENT CARNEY, et al.,

        Defendants.

CASE NO. 3:16-cv-05315-RBL-JRC

ORDER DENYING MOTIONS AND ORDER TO SHOW CAUSE

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

    Plaintiff has filed a motion for cost bill (Dkt. 101) and two motions to compel discovery (Dkt. 102, 109). Having analyzed plaintiff's motions, defendants' responses, and plaintiff's replies, the Court denies plaintiff's motion for cost bill and first motion to compel discovery (Dkts. 101, 102). However, the Court orders defendants to show cause why they should not be

1 ordered to facilitate plaintiff's viewing of the records pursuant to plaintiff's motion to produce
2 records (Dkt. 109).

## DISCUSSION

### I. Motion for Cost Bill

Plaintiff moves the Court for costs associated with filing a previous motion to compel that was opposed by defendants. Dkt. 101 at 1. Federal Rule of Civil Procedure 37 provides that, if a motion to compel discovery is granted, the Court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Proc. 37(a)(5)(A). However, the Court will not compel such payment if "the opposing party's nondisclosure, response, or objection was substantially justified." FRCP 17 (a)(5)(A)(ii).

Here, defendant's response to plaintiff's motion to compel was substantially justified. In its order granting plaintiff's earlier motion to compel, the Court noted that "[w]hile [it] is cognizant of defendants' interest relating to the safety and security of inmates, plaintiff is entitled to inspect discoverable information related to his retaliation claim." Dkt. 86 at 5. In his order denying defendant's objection to the Court's order, the Honorable Benjamin H. Settle noted that "the order [granting plaintiff's motion to compel] did more than give substantial weight to the safety concerns Defendants raised when evaluating the parties' arguments, it endorsed those concerns." Dkt. 93 at 2. Both this Court and Judge Settle have recognized that defendants were substantially justified by their concerns for prison safety when they opposed plaintiff's motion to compel. This justification protects defendants from paying costs associated with a successful motion to compel. Therefore, the Court denies plaintiff's motion for cost bill (Dkt. 101).

## II. Motion to Compel Discovery

Plaintiff next asks the Court to compel discovery of the names of individuals who defendants may have spoken with when developing the Department of Corrections 560.200 Religious Programs policy. Dkt. 107. However, after reviewing defendants' response and declaration to their motion, plaintiff now agrees that defendants tried, but failed, to acquire the individuals' names and "acknowledges that the Court cannot compel responsive information and identification that does, and did not exist." Dkt. 107 at 3. Instead, he asks in his reply that the Court enter a finding that defendants provided inaccurate information, that they be barred from presenting testimony from the individuals who provided input for the policy, that they be barred from assigning liability to "any person who should have been identified in response" to his requests, and that defendants are subject to contempt and sanctions if the individuals are identified in the future. Dkt. 107 at 3-4.

Defendants have made reasonable attempts to produce the information requested by plaintiff. Further, plaintiff's additional requests are requests that should be raised in separate motions thus allowing defendants to respond. A reply is not the appropriate vehicle for these requests. Therefore, the Court denies plaintiff's motion to compel discovery (Dkt. 102) and declines to grant the additional requests raised in his reply (Dkt. 107).

## III. Motion to Produce Records

Plaintiff finally asks this Court to compel production of documents currently being retained by the mail room at the Stafford Creek Corrections Center. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 16(b)(1). Information is relevant for purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence." *Id*. Relevant information encompasses "any

matter that bears on, or that reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues in the case, it is not limited to the precise issues raised in the pleadings. *Id*. at 350-51. "The question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Panuci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). However, under Washington law, when a document is acquired by a prisoner through a public records request, the Public Records Act "does not limit the [Department of Corrections'] discretion in prohibiting entry of public records that it reasonably deems inappropriate in a prison setting." *Libingston v. Cedeno*, 164 Wn.2d 46, 54 (2008). Though prisoners have a First Amendment right to correspondence, the United States Supreme Court has recognized that, so long as certain factors are met, the safety and security of a prison may justify restricting that access. *See Thornburgh v. Abbott*, 490 U.S. 401, 415-17 (1989); *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

      Here, plaintiff is in a unique situation because defendants are not withholding information themselves. As alleged, the mail room at the prison is. Further, though he does have a right to discovery and right to correspondence while incarcerated, defendants also have an interest in prison safety and security that allows them to restrict access to correspondence if it is deemed inappropriate in a prison setting. *See Thorbrugh*, 490 U.S. at 415-17; *Turner*, 482 U.S. at 89-91. Defendants voice legitimate concerns about prison safety and security. However, as this Court noted when it ruled on plaintiff's previous motion to compel discovery (Dkt. 86), plaintiff is entitled to inspect discoverable information related to his retaliation claim. The documents currently held in the mail room are copies of grievances and complaints against defendant

Williamson, and therefore may be relevant to his claim. Plaintiff is entitled to inspect them. Dkt. 109 at 1. Further, the Court believes defendants, as with the previous motion to compel, can allow plaintiff to inspect these documents without increasing the danger or diminishing the security of the prison.

Therefore, the Court orders defendants to show cause why the Court should not compel them to allow plaintiff to view his documents in a controlled setting.

**CONCLUSION**

Plaintiff has not shown that he is entitled to costs for his previous motion to compel. Though his motion was successful, defendants were substantially justified in their opposition to it. Further, defendants acted diligently in handing over discovery, and plaintiff's additional requests are not brought properly in a reply. The Court therefore denies his motion for cost bill (Dkt. 101) and his motion to compel discovery (Dkt. 102).

Finally, plaintiff has shown that the records retained by the mail room are discoverable and that he is entitled to inspect them. Therefore, the Court orders that defendants show cause why the Court should not order them to facilitate plaintiff's viewing of the documents currently being held in the mail room **on or before October 24, 2017.**

Plaintiff may file a response by **November 14, 2017.**

The Clerk is directed to renote plaintiff's motion to produce records (Dkt. 109) to November 17, 2017.

Dated this 26th day of September, 2017.

J. Richard Creatura
United States Magistrate Judge