UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHER JAMES BECKER,

        Plaintiff,

v.

BRENT CARNEY, *et al.*,

        Defendants.

CASE NO. 3:16-cv-5315 RBL-JRC

ORDER REOPENING DISCOVERY, RESETTING THE DISPOSITIVE MOTION DEADLINE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff proceeds *pro se* in this action brought under 42 U.S.C. § 1983, which the District Court has referred to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR 1, 3, and 4. The matter is before the Court following remand from the Ninth Circuit Court of Appeals and on plaintiff's motion for the appointment of counsel (Dkt. 190) and defendants' motion to re-open discovery and to set a new dispositive motion deadline. Dkt. 194.

Because good cause exists to reopen discovery and because further dispositive motion practice is not foreclosed by the Ninth Circuit's directions on remand and would assist in the efficient resolution of this matter, the Court grants defendants' motion. Because plaintiff has

ORDER REOPENING DISCOVERY, RESETTING THE DISPOSITIVE MOTION DEADLINE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL - 1

failed to show the exceptional circumstances necessary to appoint counsel, the Court denies his motion for the appointment of counsel.

## BACKGROUND

Plaintiff, who is housed at the Coyote Ridge Corrections Center, initiated this matter in April 2016. *See* Dkt. 1. Plaintiff named a variety of Department of Corrections (DOC) officials and employees, including Joe Williamson (a food service manager), Kerri McTarsney (a grievance coordinator), and Dale Caldwell (a grievance program manager). *See* Dkt. 55, at 26. Plaintiff alleged a variety of claims, including—as relevant here—retaliation in violation of the First Amendment, negligence, and "[o]fficial [m]isconduct," arising from incidents that allegedly occurred at the Stafford Creek Corrections Center. *See* Dkt. 55, at 21–24. Subsequently, the District Court granted defendants' motion for summary judgment of all plaintiff's claims and dismissed the matter. *See* Dkt. 170.

Plaintiff appealed the summary judgment dismissal of his claims. *See* Dkt. 188. The Ninth Circuit affirmed the District Court's summary judgment order except that the Ninth Circuit held that there was a genuine issue of material fact regarding plaintiff's retaliation claim against defendant Williamson. *See Becker v. Carney*, 765 Fed. App'x 158, 159 (9th Cir. 2019) (memorandum opinion). Specifically, the Ninth Circuit held that a fellow prisoner's sworn declaration ("the McDaniels declaration") that plaintiff had submitted created a genuine issue of material fact regarding whether defendant Williamson retaliated against plaintiff. *See id.*

The Ninth Circuit reversed and remanded for further proceedings on plaintiff's retaliation claim against defendant Williamson and for the District Court to reconsider whether it would exercise supplemental jurisdiction over plaintiff's state law claims. *See Becker*, 765 Fed. App'x at 159. In an order denying rehearing, the Ninth Circuit further stated that "[t]o the extent that

[plaintiff] seeks clarification on the status of the retaliation claim against defendants McTarsney and Caldwell, which is related to the retaliation claim against defendant Williamson, we clarify now that the retaliation against McTarsney and Caldwell can be considered by the district court on remand." *See* Order Denying Petition for Panel Rehearing at 1–2, *Becker*, No. 18-35373, 765 F. App'x 158 (9th Cir. May 29, 2019).

Plaintiff now requests the appointment of trial counsel. *See* Dkt. 190, at 2. Defendants McTarsney, Caldwell, and Williamson seek to re-open discovery and re-set the dispositive motion deadline. *See* Dkt. 194.

## DISCUSSION

**I. Defendants' Request to Reopen Discovery and Reset Dispositive Motions Deadline**

  *A. Ninth Circuit's Mandate*

Plaintiff asserts that this matter has been referred for trial by the Ninth Circuit. *See* Dkt. 19, at 4.

Upon return of the mandate, "the district court cannot give relief beyond the scope of that mandate"; however, "'it may act on matters left open by the mandate.'" *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 (9th Cir. 1987) (quoting *In re Sanford Fork & Tool*, 160 U.S. 247, 256 (1895)). Here, the Ninth Circuit's mandate does not state that a trial is necessary. Rather, the Ninth Circuit directed "further proceedings" on plaintiff's retaliation claims against defendants Williamson, McTarsney, and Caldwell, including "reconsider[ation] of whether [to] exercise supplemental jurisdiction over [plaintiff's] state law claims." *See Becker*, 765 Fed. App'x at 159.

ORDER REOPENING DISCOVERY, RESETTING THE DISPOSITIVE MOTION DEADLINE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL - 3

1    Nor did the Ninth Circuit effectively require a trial when it stated that McDaniels'
declaration raised a genuine issue of material fact.  The Ninth Circuit held that this Court had
erred when it determined that plaintiff had no "proof as to an essential element of his claim" of
retaliation.  *See* Dkt. 162, at 13.  The lack of proof to support an essential element of plaintiff's
claim is only one theory under which a defendant's summary judgment motion may be granted.
The Ninth Circuit's mandate does not foreclose further discovery or summary judgment
proceedings in this matter.

   *B.  Discovery Request*

   In opposition to defendants' request to reopen discovery, plaintiff argues lack of
diligence, asserting that defendants should have obtained the discovery that they seek before
filing their summary judgment motion.  *See* Dkt. 196, at 1–2.  For three reasons, the Court
disagrees that defendants exhibited a lack of diligence in this matter.

   First, although on rehearing the Ninth Circuit directed consideration of retaliation claims
against defendants McTarsney and Caldwell because they were related to the retaliation claim
against defendant Williamson, it was not readily apparent to this Court or apparently to
defendants that plaintiff's complaint asserted retaliation claims against McTarsney and Caldwell.
Defendants state that they understood plaintiff's complaint to assert a retaliation claim against
only defendant Williamson and that the allegations against the other two defendants were
"related to process concerns with their handling of grievances, which [d]efendants addressed in
their motion for summary judgment."  Dkt. 197, at 2; *see also* Dkt. 162, at 11–13 (this Court's
Report and Recommendation, which did not address any retaliation claims against defendants
McTarsney and Caldwell).

Second, regarding the claims against defendant Williamson, it appears that both this Court and defendants misapprehended plaintiff's evidence in support of his claims against defendant Williamson, having overlooked the McDaniels declaration. *See* Dkts. 141; 146; 163, at 1–3. Third, the Court notes that defendant Williamson's successor did not appear in this action until well after the discovery deadline had expired. *See* Dkt. 62. Thus, the Court finds that defendants did not show a lack of diligence that merits denying their request to re-open discovery.

Plaintiff further argues that discovery is inappropriate because it will delay this case, which is already more than three years old. *See* Dkt. 196, at 3. However, plaintiff does not point to any particular prejudice, and this Court finds that plaintiff's argument supports a shortened discovery period, rather than barring further discovery altogether. For these reasons and having reviewed and considered the record, the Court finds good cause to re-open discovery for two months following the date of this order. *See Hamidi v. SEIU Local 1000*, __ F. Supp. 3d __, 2019 WL 2513767, at *5 (E.D. Cal. June 18, 2019).

*C. Dispositive Motions*

Plaintiff also argues against allowing defendants to file a second summary judgment motion on the basis that it would be prejudicial, further delay the case, and unduly burden plaintiff. *See* Dkt. 196, at 4. Successive summary judgment motions are not necessarily barred, and the decision whether to allow such a motion is within this Court's discretion. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 910–11 (9th Cir. 2010). A successive summary judgment motion is particularly appropriate on an expanded factual record. *Id.*

Plaintiff's bare allegations of prejudice are unpersuasive. All parties will be better served by further dispositive motion proceedings, which may narrow the issues and spare all the

ORDER REOPENING DISCOVERY, RESETTING
THE DISPOSITIVE MOTION DEADLINE, AND
DENYING MOTION FOR APPOINTMENT OF
COUNSEL - 5

expense and delay of trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" (quoting Fed. R. Civ. P. 1)); *accord Jackson v. Barnes*, No. CV 04-8017 RSWL (RAO), 2016 WL 11601265, at *2 n.2 (C.D. Cal. Feb. 4, 2016).

Therefore, the Court will provide an additional thirty days following the discovery deadline for the parties to file dispositive motions. In view of the Ninth Circuit's direction for this Court to reconsider whether to exercise supplemental jurisdiction over plaintiff's state law claims, any dispositive motions filed by the parties should address the extent of plaintiff's remaining state law claims in this Court.

**II. Plaintiff's Request for Counsel**

Plaintiff also requests the appointment of trial counsel. *See* Dkt. 190, at 2.

There is no right to the appointment of counsel in a § 1983 action, and this Court appoints counsel only in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether exceptional circumstances exist, the Court looks to both plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and the likelihood of success on the merits. *Id.*

Here, the remaining legal issues are not complex, and plaintiff has shown that he is able to articulate the legal issues and underlying facts, including by filing numerous, coherent motions during the course of the litigation. *See, e.g.*, Dkts. 67, 102, 109. Plaintiff's unsupported contentions that he cannot depose McDaniels—another inmate who is apparently housed at a separate facility—or settle this matter without the assistance of counsel are unpersuasive. *See* Fed. R. Civ. P. 31 (allowing deposition of a prisoner by written questions upon leave of Court).

Nor has plaintiff shown a likelihood of success on the merits regarding his remaining claims. Plaintiff primarily relies on his argument that the Ninth Circuit's mandate required immediately setting this matter for trial—an argument that fails for the reasons set forth above.

For these reasons, the Court denies plaintiff's motion for appointment of counsel at this time. Insofar as plaintiff requests counsel so that he may conduct a trial, plaintiff may renew his motion for counsel to assist him at trial if his claims survive the dispositive motions deadline.

## CONCLUSION

Defendants' request to reopen discovery and reset the dispositive motion deadline is **GRANTED**. Any dispositive motions filed by the parties should address the extent of plaintiff's remaining state law claims in this Court. Plaintiff's request for the appointment of counsel is **DENIED WITHOUT PREJUDICE**, meaning that plaintiff may renew his request at a later date.

The Clerk shall update the docket to reflect that discovery is re-opened until **September 23, 2019** and that any dispositive motions shall be filed on or before **October 23, 2019**. The parties shall otherwise consult the pretrial scheduling order previously entered in this matter. *See* Dkt. 35.

Dated this 23rd day of July, 2019.

J. Richard Creatura
United States Magistrate Judge