UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHER J. BECKER,

        Plaintiff,

v.

KERRI MCTARSNEY, *et al.*,

        Defendants.

CASE NO. 3:16-cv-05315-RBL-JRC

ORDER FOR SUPPLEMENTAL BRIEFING

This matter under 42 U.S.C. § 1983 is before the undersigned on referral by the District Court. The parties have filed cross-motions for summary judgment (Dkts. 199, 211), and upon review of their cross-motions and the remainder of the record, the undersigned has determined that supplemental briefing is necessary before issuing a report and recommendation on this matter.

**DISCUSSION**

After the Court granted defendants' summary judgment motion and dismissed plaintiff's claims with prejudice, the Ninth Circuit reversed the matter in part and remanded for further

1  consideration. *See* Dkts. 170, 189. The remand was for further proceedings regarding plaintiff's
2  claims against Joe Williamson for retaliation, for related retaliation claims against defendants
3  Kerri McTarsney and Dale Caldwell, and for plaintiff's supplemental, state law claims. *See* Dkt.
4  189, at 4; *see also Asher James Becker v. Brent Carney et al.*, No. 18-35373, at 1–2 (9th Cir.
5  May 29, 2019). The remand was based on additional evidence—another prisoner's testimony—
6  that appeared to the Ninth Circuit to corroborate plaintiff's claims against Williamson. Dkt. 189,
7  at 4.

8        The remand order was silent as to this Court's ruling that Washington's Dead Man's
9  Statute would apply and would bar plaintiff's testimony about transactions with and statements
10 made by now-deceased defendant Williamson. *See* Dkts. 162, at 13; 189. However the Court's
11 judgment regarding the retaliation claims against Williamson was reversed, so that the Court's
12 findings about the Dead Man's Statute are no longer the law of the case. *See United States v.*
13 *Houser*, 804 F.2d 565, 567 (9th Cir. 1986) ("when matters are decided by an appellate court, its
14 rulings, *unless reversed by it or a superior court*, bind the lower court." (Emphasis added.)).
15 Even if the Court found that the Ninth Circuit's silence regarding applicability of the Dead
16 Man's Statute meant that this Court's prior ruling was undisturbed (and hence law of the case),
17 the Court is not bound to follow its prior decisions if upon reconsideration, those decisions are
18 clearly erroneous and would work a manifest injustice. *Jeffries v. Wood*, 114 F.3d 1484, 1489
19 (9th Cir. 1977) (en banc) (footnote and internal quotation omitted), *overruled on other grounds*
20 *by Lindh v. Murphy*, 521 U.S. 320 (1997).

21       The undersigned has given this matter further consideration and at this time, intends to
22 recommend that the Washington Dead Man's Statute (RCW 5.60.030) does not bar any
23 particular testimony in this proceeding relevant to plaintiff's § 1983 retaliation claim against
24

1  Williamson. A state evidentiary rule such as the Dead Man's Statute applies in federal court
2  only where state law supplies the rule of decision. *See* Fed. R. Evid. 601. Section 1983—not
3  state law—supplies the rule of decision relevant to this claim, so that Washington's Dead Man's
4  Statute appears to be irrelevant to the claim. *Accord Longoria by Longira v. Wilson*, 730 F.2d
5  300, 304 (5th Cir. 1984) (Texas Dead Man's statute did not apply in § 1983 action); *Savarese v.*
6  *Agrissi*, 883 F.2d 1194, 1200 n.10 (3d Cir. 1989).

7  Defendant has moved for summary judgment dismissal of the remaining claims. *See* Dkt.
8  Defendants' arguments are primarily directed toward the effect of the other prisoner's testimony
9  and are premised on the assumption that the Court will again rule that the Dead Man's Statute
10  bars plaintiff's own statements related to the claim against Williamson. *See* Dkt. 199, at 7.

11  Therefore, the Court will offer the parties the opportunity to submit supplemental briefing
12  regarding defendants' summary judgment arguments about the claims against Williamson for
13  retaliation.

## DIRECTIONS TO PARTIES AND THE CLERK

15  The parties' supplemental briefing shall comply with the following rules:

16  (1) The parties shall not address any matters other than whether the Court should grant
17  summary judgment dismissal of plaintiff's claims against Joe Williamson for retaliation.

18  (2) The parties may file one brief each, not to exceed six pages. Defendants' brief is due
19  on or before May 12, 2020, and plaintiff's brief is due on or before May 26, 2020.

20  **The Court will not consider briefing that does not comply with these requirements,**
21  **including briefing that is not timely filed, exceeds the page limits, or addresses other issues.**

1  The Clerk shall update the docket to reflect the supplemental briefing deadlines and to re-
2  note the pending summary judgment motions (Dkts. 199, 211) for consideration on May 26,
3  2020.

4  Dated this 27th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER FOR SUPPLEMENTAL BRIEFING - 4