UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHER J. BECKER,

    Plaintiff,

v.

RHONDA WILLIAMSON,

    Defendant.

CASE NO. 3:16-cv-05315-RBL-JRC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND ORDERING JOINT STATUS REPORT

This matter is before the Court on referral from the District Court and on plaintiff's motion for the appointment of counsel. Dkt. 226. Plaintiff requests the appointment of *pro bono* counsel to represent him in his 42 U.S.C. § 1983 case. The standards governing this request are well-established. There is no right to the appointment of counsel in a § 1983 action, and this Court appoints counsel only in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether exceptional circumstances exist, the Court looks to both plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and the likelihood of success on the merits. *Id.*

Regarding plaintiff's likelihood of success on the merits, one of plaintiff's claims—his claim that defendant Joe Williamson unconstitutionally retaliated against plaintiff—has survived

1  a summary judgment motion asserting a qualified immunity defense.  *See* Dkt. 219, at 16; Dkt.
2  225.  It appears likely that this claim will proceed to trial.  Plaintiff has therefore shown at least
3  some likelihood of success on the merits.

4  But establishing a likelihood of success, alone, is not the end of the matter:  plaintiff must
5  also show that he is unable to articulate his claims in light of their complexity.  *See Terrell v.*
6  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) ("Neither of these factors is dispositive and both
7  must be viewed together before reaching a decision.").  A *pro se* plaintiff is not automatically
8  entitled to the appointment of counsel even if the matter proceeds to trial.

9  Here, plaintiff's remaining claim is relatively straightforward:  he asserts that deceased
10  defendant Joe Williamson retaliated against plaintiff by threatening to have plaintiff transferred
11  and by telling other prisoners that Williamson would cancel certain events and meal
12  enhancements if plaintiff continued filing grievances and making complaints.  *See* Dkt. 219, at
13  11.  And, a review of the record reveals that plaintiff is well able to articulate his claim.  For
14  example, in response to an order for supplemental briefing, plaintiff submitted a seven-page brief
15  that relied on the appropriate legal standards, provided ample legal citations and support for his
16  position, and explained his theory of retaliation.  *See* Dkt. 216.

17  The Court has reviewed plaintiff's arguments in his request for the appointment of
18  counsel and is not persuaded that plaintiff is experiencing the exceptional circumstances that
19  would justify such a request.  Although plaintiff cites his lack of experience litigating, this is a
20  circumstance common to most *pro se* litigants and not an exceptional circumstance.

21  Plaintiff explains that he has now been released—a factor that, in the Court's view
22  weighs against appointing counsel—but that he is under the supervision of the Department of

23
24

Corrections. Dkt. 226, at 2. Plaintiff fears that he will not be granted permission to leave Kitsap County to appear for hearings. Dkt. 226, at 2.

The Court notes that in light of the COVID-19 health crisis, an in-person hearing is unlikely to be required in the foreseeable future. Even if plaintiff had to appear in Court in person, plaintiff has provided no more than speculation that he could not obtain permission to do so. Therefore, the Court is not persuaded that plaintiff's current status merits granting his motion.

The Court **DENIES** the motion for appointment of counsel (Dkt. 226) without prejudice. Because the denial of the motion is without prejudice, plaintiff may renew his motion if future, *exceptional* circumstances arise that render litigating this matter *pro se* impossible.

In addition, the parties are **DIRECTED** to submit a joint status report on or before **December 23, 2020,** that sets forth whether mediation or other alternative dispute resolution would be of assistance to resolving the remaining claim, a proposed trial date, the estimated length of the trial, and any other appropriate matters.

Finally, the Clerk's Office will update the docket and case caption to reflect that defendants other than defendant Rhonda Williamson, who has been substituted for deceased defendant Joe Williamson, have been terminated from this matter (*see* Dkts. 131, 225) and will send a copy of this Order to plaintiff.

Dated this 25th day of November, 2020.

J. Richard Creatura
United States Magistrate Judge